**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URIEL ANDRES CUCAITA DIAZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. EDCV 26-4978 PVC<br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND IMMEDIATE RELEASE** |

Petitioner Uriel Andres Cucaita Diaz ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Respondents Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Todd Blanche, Attorney General of the United States; David J. Venturella, Acting Director of ICE; Ernesto Santacruz Jr., Acting Director of the Los Angeles ICE Field Office; and Warden of Adelanto ICE Processing Center on August 28, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner, a Citizen of Colombia, has been in immigration custody since August 19, 2026, when he voluntarily appeared for a scheduled ICE processing appointment at the Los Angeles Federal Building.

(*Id.* at 2, 7).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California. (*Id.*). Petitioner alleges that his arrest without notice and a hearing and his continued detention without reasonably foreseeable removal violate 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. (*Id.* at 23–33, 35–39). The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner, or in the alternative, provide him with an individualized custody hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, and at which the IJ considers alternatives to detention. (*Id.* at 41).

Despite General Order 26-05 (Dkt. No. 4), which directs Respondents to "show cause why the writ of habeas corpus should not be granted," Respondents have failed to appear, failed to answer to the Petition, and have otherwise ignored Court orders. Indeed, the undersigned Magistrate Judge issued an Order to Show Cause why the writ of habeas corpus should not be granted, and ordered Respondents to show cause in writing, no later than September 16, 2026, warning that "failure to respond to this order may be treated as a concession that Petitioner is entitled to the relief sought.." (Dkt. No. 7 at 2). The deadline has come and passed and still no response from Respondents.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

deems Respondents' failure to file an Answer to the Petition in this case – despite having notice of his obligation to do so and an opportunity to be heard in opposition to the Petition – to be his consent to granting the relief sought in that pleading.

In light of Respondents' concession, Petitioner is entitled to the relief sought.

IT IS THEREFORE ORDERED that

(1) The Petition for Writ of Habeas Corpus is GRANTED.

(2) Respondents are ordered to immediately release Petitioner Uriel Andres Cucaita Diaz (A-number 246301282);

(3) Respondents are ENJOINED from re-detaining Petitioner absent constitutionally adequate process, including notice, written reasons, and a meaningful opportunity to be heard;

(4) Respondents are ordered to provide Petitioner with a copy of the Court's Order at the time of release;

(5) Respondents shall file within two days of the date of the Court's Order, a status report confirming Petitioner's release; and

(6) Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules; the Court retains jurisdiction to adjudicate any such motion or other collateral enforcement issues.

DATED: September 24, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE